O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC - 3 2012

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JACKELINE CHAVEZ,            ) Case No. CV 11-10643 RNB
                             )
            Plaintiff,       )
                             ) MEMORANDUM OPINION AND
      vs.                    ) ORDER REVERSING DECISION OF
                             ) COMMISSIONER AND REMANDING
MICHAEL J. ASTRUE,           ) FOR FURTHER ADMINISTRATIVE
Commissioner of Social Security, ) PROCEEDINGS
                             )
            Defendant.       )

In the parties' Joint Stipulation, four disputed issues are listed. However, with respect to Disputed Issue No. 2, the Commissioner concedes that the Administrative Law Judge ("ALJ") erred in his determination that plaintiff cold perform his past relevant work, based on the testimony of the vocational expert, and that this error warrants reversal of the Commissioner's decision and a remand for further administrative proceedings. As to the three other disputed issues listed in the Joint Stipulation, the Court now rules as follows.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has
(continued...)

1

1    With respect to Disputed Issue No. 1, the Court finds that the Commissioner did not err in reopening the favorable 2009 determinations under the Commissioner's regulations and also pursuant to the parties' stipulation. If plaintiff disagreed with that decision, plaintiff should have filed a motion for relief from the terms of the Judgment entered in Case No. CV 09-5872 RNB, as plaintiff threatened to do. (See AR 579-80.) However, the propriety of the Commissioner's decision to reopen begs the question of whether the Commissioner diligently pursued the investigation to its conclusion, as 20 C.F.R. §§ 404.991a and 416.1491 required the Commissioner to do. See also Carillo-Yeras v. Astrue, 671 F.3d 731, 734-35 (9th Cir. 2011). Here, as in Carillo-Yeras, the prior determinations were not revised within six months of opening and thus there is no presumption that the Commissioner diligently pursued his investigation. Moreover, here, as in Carillo-Yeras, the ALJ did not make an explicit finding of diligence and thus the Court must examine the record itself to see if it supports an implicit finding of diligence. The record here reflects that the Appeals Council notified plaintiff on May 6, 2010 of its decision to reopen the 2009 determinations and to combine the reopened case with the remanded case (see AR 574-78), but did not issue its remand order until June 23, 2010, seven weeks later (see AR 581-82); that nearly eight months then elapsed between the remand order and any action by the Office of Hearings and Appeals to begin preparing plaintiff's file for review (see AR 587-96, 597-98); that another 11 weeks then elapsed before plaintiff underwent neurological and psychiatric evaluations at Alpine Medical Group (see AR 599-608, 611-19); and that another 17 weeks then elapsed between those evaluations and the holding of the August 31, 2011 administrative hearing (see AR 635). The record is devoid of any explanation for any of these delays, the Commissioner has not

---

[1](...continued)
determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

proffered any, and like the Ninth Circuit in <u>Carillo-Yeras</u>, the Court cannot deduce any. The Court therefore finds that the record here does not support a conclusion that the investigation was carried out as promptly as circumstances permitted and that the ALJ therefore lacked authority under the Commissioner's regulations to revise the 2009 determinations in a manner unfavorable to plaintiff.

With respect to Disputed Issue No. 3, the Court finds that reversal is warranted because the ALJ erred for the reasons stated by plaintiff. It appears from his decision that the ALJ failed to consider the definition of the terms "slight," "slight to moderate," and "moderate" when utilized for purposes of the rating schedule which has been adopted by the Administrative Director of the Division of Workers Compensation (of the California Department of Industrial Relations) pursuant to the authority of Cal. Labor Code § 4660(b), and to translate those terms from the workers' compensation setting into the parlance of Social Security disability determinations. See <u>Macri v. Chater</u>, 93 F.3d 540, 543-44 (9th Cir. 1993); <u>Desrosiers v. Secretary of Health & Human Servs.</u>, 846 F.2d 573, 576 (9th Cir. 1988); <u>Payan v. Chater</u>, 959 F. Supp. 1197, 1204 (C.D. Cal. 1996). However, the Court finds that the ALJ's failure to properly evaluate the opinions of plaintiff's workers' compensation physician in itself does not warrant a remand for the payment of benefits because it is not clear to the Court from the record here that the ALJ would be required to find plaintiff disabled if Dr. Kriakosyan's opinions regarding plaintiff's limitations on neck motion and motion of the hands and wrist were credited as true. The Court also notes that, in <u>Connett v. Barnhart</u>, 340 F.3d 871, 876 (9th Cir. 2003), the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit.

With respect to Disputed Issue No. 4, the Court finds that reversal is not warranted because the ALJ did cite evidence of malingering in the record (<u>see</u> AR 535, citing AR 601) and the ALJ's finding of malingering is sufficient to support an adverse credibility determination under Ninth Circuit jurisprudence. See <u>Benton v. Barnhart</u>, 331 F.3d 1030, 1040 (9th Cir. 2003); <u>see also, e.g.</u>, <u>LaGrand v.</u>

3

Commissioner Social Sec. Admin. 379 Fed. Appx. 555, 556 (9th Cir. 2010) (now citable for its persuasive value per Ninth Circuit Rule 36-3) (citing Benton for the proposition that "[t]he ALJ was entitled to reject LaGrand's testimony because there was evidence of malingering"); Flores v. Commissioner of Social Security, 237 Fed. Appx. 251, 252-53 (9th Cir. 2007) (citing Benson for the proposition that "an ALJ may reject a claimant's subjective pain testimony if the record contains affirmative evidence of malingering"); Lira v. Astrue, 2011 WL 1743308, at *2 (C.D. Cal. May 5, 2011) ("A finding of malingering is sufficient to support an adverse credibility determination."); Robinson v. Michael Astrue, 2011 WL 1261187, at *11 (D. Or. Mar. 31, 2011) ("Evidence of malingering, however, by itself, is enough to discredit a claimant.").

## ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Judgment be entered (1) reversing the decision of the Commissioner of Social Security; (2) reinstating the Commissioner's favorable determinations dated November 17, 2009 and December 28, 2009, and remanding this matter for the payment of all benefits attendant thereto; and (3) subject to (2), also remanding this matter for further administrative proceedings consistent with this Memorandum Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

DATED: December 3, 2012

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

4